## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DING GU,

        *Plaintiff*,

    v.

UNITED STATES DEPARTMENT OF
TREASURY, *et al.*,

        *Defendants*.

Civil Action No. 25 - 2739 (LLA)

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the court is Plaintiff Ding Gu's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60.  ECF No. 28.  Dr. Gu, proceeding pro se, seeks vacatur of the court's dismissal of his case against the U.S. Department of the Treasury, Secretary of the Treasury Scott Bessent, the U.S. Department of Commerce, and Secretary of Commerce Howard Lutnick (collectively, "Defendants"), alleging they had violated the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq.*, and the First Amendment by denying him "the right to petition for the issuance, amendment, or repeal of a rule," *id*. § 553(e).  ECF No. 1.  The court dismissed the case in November 2025 for lack of subject-matter jurisdiction.  ECF No. 26.  Dr. Gu then filed a request for leave to file a motion to amend his complaint, ECF No. 27, and a motion to reopen the case pursuant to Rule 60(b)(1) or Rule 60(b)(6), ECF No. 28.  Defendants have filed their opposition to the motion, ECF No. 29, and Dr. Gu has filed a reply, ECF No. 30.  For the reasons explained below, the court will deny the motion to reopen the case.

At the outset, Defendants argue that the court should deny Dr. Gu's motion because he failed to comply with Local Civil Rule 7(m)'s meet-and-confer requirements for nondispositive

motions.  ECF No. 29, at 2.  Dr. Gu responds that his motion is dispositive, so the rule is inapplicable.  ECF No. 30, at 1-2.  In light of Dr. Gu's pro se status, the court will excuse any alleged procedural violation and address the motion to reopen on its merits.  *See Petway v. Santander Consumer USA Inc.*, No. 22-CV-3100, 2024 WL 3443765, at *4 n.8 (D.D.C. July 17, 2024) (addressing the merits of the plaintiff's motion, despite noncompliance with Rule 7(m), "because of the plaintiff's pro se status").

Dr. Gu first cites Federal Rule of Civil Procedure 60(b)(1) as grounds for relief from judgment.  ECF No. 28, at 2.  Rule 60(b)(1) grants the court discretion to "relieve a party . . . from a final judgment" for "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1).  "[I]t is well-established that motions for reconsideration, whatever their procedural basis, cannot be used as an opportunity to reargue facts and theories upon which a court has already ruled . . . ."  *Ali v. Carnegie Inst. of Wash.*, 309 F.R.D. 77, 81 (D.D.C. 2015) (internal quotation marks omitted) (quoting *Est. of Gaither ex rel. Gaither v. District of Columbia*, 771 F. Supp. 2d 5, 10 (D.D.C. 2011)).  "The decision to grant or deny a [R]ule 60(b) motion is committed to the discretion of the District Court."  *Kareem v. Fed. Deposit Ins. Corp.*, 811 F. Supp. 2d 279, 282 (D.D.C. 2011) (quoting *United Mine Workers of Am. 1974 Pension v. Pittston Co.*, 984 F.2d 469, 476 (D.C. Cir. 1993)).  Motions for reconsideration are disfavored and granted only in extraordinary cases.  *Cornish v. Dudas*, 813 F. Supp. 2d 147, 148 (D.D.C. 2011).

Dr. Gu contends that the court erred because it dismissed the case "before [it] had an opportunity to consider" the formal petition for rulemaking he filed on October 9, 2025.  ECF No. 28, at 2.  He argues that by submitting a petition for rulemaking to Defendants on October 9— before the court's dismissal—he "cure[d] the jurisdictional defect identified in the Court's order because the petition now establishes a nondiscretionary duty for agency action."  *Id.* at 1-2.  But

the court has already considered and rejected this argument.  In its memorandum opinion, the court explained that even though the APA guarantees a right to petition, the denial of a right to petition cannot independently confer Article III standing.  ECF No. 25, at 5-6 (citing *Gettman v. Drug Enf't Admin.*, 290 F.3d 430, 433 (D.C. Cir. 2002)).  What is more, although Dr. Gu maintains that the court failed to consider his petition for rulemaking, the court directly addressed that petition as well.  *Id.* at 11 n.3 (explaining that if Dr. Gu sought to establish jurisdiction based on facts that postdated his complaint, the proper course of action would be to file a new lawsuit).

Dr. Gu also makes a passing reference to Rule 60(b)(6) as a basis for relief.  ECF No. 28, at 2.  Rule 60(b)(6) "provides only grounds for relief not already covered by the preceding five [Rule 60(b)] paragraphs," and is "available only in narrow circumstances."  *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 211 (2025).  While a court retains discretion to grant a Rule 60(b)(6) motion, *Jones v. U.S. Dep't of Just.*, 315 F. Supp. 3d 278, 279-80 (D.D.C. 2018), it should do so "sparingly" and only under "extraordinary circumstances," *People for the Ethical Treatment of Animals v. U.S. Dep't of Health & Hum. Servs.*, 901 F.3d 343, 355 (D.C. Cir. 2018) (first quoting *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980); then quoting *Ackermann v. United States*, 340 U.S. 193, 199 (1950)).  "Examples of the limited circumstances where relief under Rule 60(b)(6) is appropriate include an adversary's failure to comply with a settlement agreement which was incorporated in a court's order, fraud by 'the party's own counsel, by a codefendant, or by a third-party witness[,]' or 'when the losing party fails to receive notice of the entry of judgment in time to file an appeal.'"  *Green v. Am. Fed'n of Lab. & Cong. of Indus. Orgs.*, 287 F.R.D. 107, 109 (D.D.C. 2012), *aff'd*, No. 13-7009, 2013 WL 3357816 (D.C. Cir. May 31, 2013) (alteration in original) (quoting 11 Charles Alan Wright et. al., *Federal Practice and Procedure* § 2864 (2d ed. 1995)).  "Importantly, a Rule 60(b)(6) motion is 'not simply an

opportunity to reargue facts and theories upon which a court has already ruled.'" *Avila v. Dailey*, 404 F. Supp. 3d 15, 27 (D.D.C. 2019) (quoting *Black v. Tomlinson*, 235 F.R.D. 532, 533 (D.D.C. 2006)).  Because Dr. Gu makes no such extraordinary allegations, and instead seeks to reargue theories upon which the court has already ruled, there is no basis for the court to reconsider its dismissal.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Plaintiff's motion to reopen the case, ECF No. 28, is **DENIED**.

**SO ORDERED.**

———————————————
LOREN L. ALIKHAN
United States District Judge

Date:   December 19, 2025

4